A91A0988. NICHOLS v. THE STATE.
(407 SE2d 493)

BIRDSONG, Presiding Judge.

Lorene Nichols appeals her conviction for the sale of cocaine in violation of the Georgia Controlled Substances Act. She alleges that the evidence is not sufficient to identify her as the perpetrator of the crime alleged, and that the trial court erred by denying two motions

for a mistrial and by failing to give curative instructions after the denial of one of the motions for a mistrial. *Held*:

1. Nichols contends the evidence introduced was not sufficient to prove beyond a reasonable doubt that she committed the crime for which she was convicted, and she focuses on whether an undercover police officer should have been permitted to identify her in court. That issue, however, is not the issue enumerated as error.

Further, it is not our function to reconsider the evidence concerning Nichols' identification and independently decide whether the identification was sufficient. Moreover, Nichols made no motion to exclude the identification and did not object to the testimony concerning the identification. Therefore, we will not consider the issue as it is raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877).

Instead, our function, addressing the error enumerated, is to consider only whether the evidence is sufficient to sustain the finding of guilty (*Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131)), and in doing so, we view the evidence in a light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849). In this case, an undercover police officer testified that she bought the cocaine from Nichols and that is sufficient to authorize the jury's verdict. *Powers v. State*, 150 Ga. App. 25 (256 SE2d 637). Accordingly, the transcript "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that [Nichols] was guilty of [violating the Georgia Controlled Substances Act] as charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (363 SE2d 257).

2. Nichols also alleges that the trial court erred by denying her motion for a mistrial after the undercover officer testified that she had purchased drugs from another person at Nichols' trailer. The record shows that on cross-examination by Nichols' counsel on which visit to Nichols' trailer the cocaine was purchased ("You don't recall if this was the first or the last or the middle or when it was?") the officer responded: "It wasn't the last and it wasn't the first. I had made two previous buys from her trailer from another individual." The record shows that Nichols promptly moved for a mistrial and, after reviewing the transcript and finding a close question, the trial court denied Nichols' motion and instructed the jury that they should "totally and completely wipe that [comment] from your mind and totally and completely disregard it."

This enumeration of error asserts that it was error to deny Nichols' motion for a mistrial because the witness' answer placed her character in question. The witness' answer was during Nichols' cross-examination, and this apparently "inadvertent comment in the course

of cross-examination . . . does not rise to the level of misconduct condemned in *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396)." *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420). We do not find from the context of the answer that it was made to intentionally prejudice the jury against Nichols. " 'Trial counsel may not take chances in propounding questions which may elicit damaging answers and then demand a mistrial on the basis of the answer. *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984). Furthermore, the decision . . . whether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470 (285 SE2d 508) (1981).' *Buxton v. State*, 253 Ga. 137 (3) (317 SE2d 538)." *Martin v. State*, supra.

Nichols, however, has not argued that the trial court abused its discretion and the record before us does not establish that the trial court did so. Although not directly responsive to the question posed, the officer's response was directed toward answering the question and was not unresponsive. Further, the transcript shows that the trial court carefully considered the issue and took the corrective action it deemed warranted. Under the circumstances, we find no abuse of discretion, and hence, no error.

3. Nichols also asserts that the trial court erred by denying her motion for a mistrial after another police officer allegedly placed her character in issue by testifying that Nichols was identified using a "police department picture." Although Nichols, based upon *Ogles v. State*, 238 Ga. 716, 717 (235 SE2d 384) and *Woodard v. State*, 234 Ga. 901, 902 (218 SE2d 629), concedes that this testimony falls short of placing Nichols' character in issue, she argues that the cumulative effect of this testimony with the testimony discussed in Division 2 is to constitute reversible error. Although we agree that the police department photograph testimony was insufficient to place her character in issue (see *Harris v. State*, 191 Ga. App. 399 (381 SE2d 602)), we must reject her cumulative error argument. "This state does not follow a cumulative error rule of prejudice. Any error of record must stand or fall upon its own merits and is not aided or aggravated by the accumulative effect of other claims of error." (Citation and punctuation omitted.) *Dyous v. State*, 195 Ga. App. 99, 100 (392 SE2d 730). Therefore, the trial court did not abuse its discretion in denying this motion for a mistrial.

4. Nichols' final enumeration of error contends the trial court erred by failing to give corrective instructions after having denied the motion for mistrial discussed in Division 3. There was no error. As the reference to a police department photograph did not place Nichols' character in issue, no corrective instructions were required.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JULY 2, 1991.

*L. Clark Landrum,* for appellant.
*David E. Perry, District Attorney, A. Douglas Newsome, Assistant District Attorney,* for appellee.