A92A0755. FOSTER v. THE STATE.
(416 SE2d 855)

McMURRAY, Presiding Judge.

Defendant Foster appeals his conviction of the offense of armed robbery. The only enumeration of error raises the sufficiency of the evidence to authorize defendant's conviction. *Held*:

The victim went to a post office at approximately 10:30 or 11:00 p.m. to purchase stamps. As the victim was obtaining change from a machine, he was approached by defendant who threatened him with a small caliber revolver and demanded his wallet. The victim pleaded with defendant that he be permitted to retain possession of certain documents in his wallet, but defendant continued to demand possession of the wallet. The victim dropped the wallet on the floor and defendant picked it up, lowered the gun, and began to walk away. The victim followed defendant from the post office requesting the return of the documents from the wallet. After the victim followed the defendant from the post office, defendant turned and fired a shot at the victim but missed. The victim continued to follow defendant at a distance. As they entered a neighborhood known as Bethel Homes, the victim observed defendant speaking to individuals he passed. Shortly after entering the neighborhood, the victim armed himself with a baseball bat, but then lost sight of defendant. When the victim thought he saw defendant in the distance, he approached an individual who, although dressed similarly to defendant, upon turning towards the victim was obviously an older person than defendant. Thereafter, the victim came upon defendant as he was about to enter a car driven by another individual. The victim identified defendant as the perpetrator of an armed robbery to other individuals who were present. Defendant pulled out a gun and threatened the victim before entering the car. The victim told the driver of the car that he would be reported to the police if he drove away. Defendant then got out of the car and pulled out the gun again. The victim again pleaded for the return of the documents from his wallet to no avail. When the victim then saw police officers walking nearby, he started yelling at them. At this point, the crowd that had gathered began to disperse and the victim saw defendant give away something, which he could not identify, to one of the bystanders.

After the victim pointed out defendant to the police officers as a person who had recently robbed him, the police approached defendant, patted him down for weapons, and searched the area, including the car in which defendant had briefly been a passenger. The police failed to find a weapon or the victim's wallet. Nonetheless, after investigation the police decided to arrest defendant and so informed him. Upon being informed that he was being placed under arrest, defendant fled and was apprehended at a later time.

Two weeks later, police submitted a photographic lineup to the victim who was able to eliminate four of six photographs, but was unable to determine which if either of the two remaining photographs showed the individual who had robbed him. However, the victim never identified anyone other than defendant as the perpetrator of the armed robbery. The victim identified defendant as the perpetra-

tor at trial and stated that this identification was not influenced by the photographic lineup.

Defendant argues at length concerning the reliability of the victim's identification testimony. The issues raised by the defendant in this regard include the lack of corroboration of the victim's testimony, pre-existing stress on the victim due to serious injuries to a friend, the stress upon the victim of being threatened with a firearm during the armed robbery, the victim's anger arising from ethnic slurs spoken to him during the robbery, the victim's mistaken approach of a person dressed similarly to defendant, the fact that the victim lost sight of defendant for a period of time, the fact that police failed to find a gun or the victim's wallet in defendant's possession, and the victim's failure to identify defendant from the photographic lineup. However, these issues relate entirely to matters within the exclusive province of a jury. "Determining the credibility of witnesses and resolving conflicts goes to the weight of the evidence and is for the jury's consideration. *Holcomb v. State*, 198 Ga. App. 547 (402 SE2d 520) (1991). This court determines only the legal sufficiency of the evidence. Id." *Dobbs v. State*, 199 Ga. App. 793, 795 (4) (406 SE2d 252). Viewing the evidence in a light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to find the defendant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Stubbs v. State*, 201 Ga. App. 546 (1), 547 (411 SE2d 525).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 11, 1992 —

*Russell Gabriel*, for appellant.

*Harry N. Gordon, District Attorney, Jimmie E. Baggett, Assistant District Attorney*, for appellee.