A93A1366. MONTGOMERY v. THE STATE.
(435 SE2d 510)

BIRDSONG, Presiding Judge.

Fred Montgomery appeals his judgment of conviction of armed robbery, aggravated assault and simple battery. His sole enumeration is that "the trial court erred in allowing testimony of the pretrial

identifications by the alleged victim and allowing her to make an in-court identification of the appellant." *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). In determining the validity of the trial court's ruling as to the identification issues, an appellate court may consider all relevant evidence of record, including that contained in the suppression motion hearing and trial transcripts. See *Jones v. State*, 187 Ga. App. 421, 422-423 (370 SE2d 784).

2. In his appellate brief, appellant discusses certain procedures regarding the in-court and pretrial identifications made by Mr. and Mrs. Allen. As the enumeration of error fails to include reasonably any claim of error due to the pretrial or in-court identifications of the Allens, these issues are not before us on appeal. *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522).

3. (a) Pretermitting whether the pretrial photographic and line-up procedure to which the victim was subjected was unduly suggestive (see generally *State v. Frye*, 205 Ga. App. 508, 509 (2) (422 SE2d 915)) is whether any procedure resulted "in a very substantial likelihood of irreparable misidentification." The factors to be considered in evaluating whether a very substantial likelihood of irreparable misidentification exists, under the totality of the circumstances include: "(a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401)." (Punctuation omitted.) *Phillips v. State*, 204 Ga. App. 698 (2) (420 SE2d 316). At trial appellant attempted to impeach and discredit the victim by examining her over certain prior discrepancies in her testimony at the probation revocation hearing and the suppression hearing. The trial court, however, weighed the evidence and determined witness credibility; it is not a function of this court to intrude upon the province of the trial court in these areas. The record reveals the victim had ample opportunity to view appellant on his initial ten to fifteen minute visit to the store and when he returned a few minutes later to remain for about ten minutes on the premises to perpetrate the charged offenses. At times the victim was face to face with appellant and could see him clearly; appellant looked familiar because he resembled a man who used to work for the victim. The degree of detail the victim testified to regarding the sequence of events during appellant's two appearances in

the store and his acts and utterances establishes a high degree of attentiveness notwithstanding certain inconsistencies in her testimony as to these matters. The victim's initial description of appellant was very general in nature, but was sufficient to enable the investigator to put together a grouping of photographs to show the victim; at least one of these photographs bore resemblance to the man in the store (but was recognized by the victim as not being her assailant). When the victim observed the second photographic display, which then included appellant's picture, she identified him without significant hesitation or reservation; likewise she identified appellant with certainty at the subsequent line-up and at trial. The length of time between the crime and the confrontation was sufficient to allow the witness a reasonable cooling-off period but not so long as to impair her memory. Under the totality of the circumstances, we find that there existed no substantial likelihood of irreparable misidentification caused by any of the pretrial identification procedures used in this case.

This case is distinguishable from *State v. Frye*, supra, where this court found the evidence supported the trial court's fact findings and conclusions that there existed a substantial likelihood of misidentification. In this case, the trial court did not exclude evidence of the identifications in issue, and on appeal, we are required to view the evidence in a light most favorable to supporting the verdict. Based on our own evaluation of the record, we conclude there existed no substantial likelihood of misidentification. *Phillips*, supra.

(b) The victim made a positive in-court identification of appellant, testifying from her own recollection, after stating she remembered the person who robbed her. "Even if taint had occurred in pretrial identification at the [photographic displays or] physical lineup, a witness' in-court identification may be admitted if it has 'independent origin.' [Cits.] The victim had a substantial period of time in daylight hours [and generally under adequate store lighting conditions] to view her attacker and was [face to face and] within [a few] feet of him . . . she clearly and in detail recounted the sequence of events occurring during the attack; she maintained presence of mind to seize an opportunity [to attempt to get away from appellant, to retrieve her purse when he began to examine insurance documents therein, and to seek operator assistance in calling the police immediately following the incident]; and she expressed neither uncertainty nor qualification as to her [positive] in-court identification. The in-court identification was of 'independent origin.'" *Munn v. State*, 208 Ga. App. 674, 676 (5d) (431 SE2d 447).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 27, 1993.

*Duffey & Duffey, Harl C. Duffey III*, for appellant.
*George C. Turner, Jr., District Attorney, Blanchette C. Holland, Assistant District Attorney*, for appellee.