A94A2361. HOOD v. THE STATE.
(453 SE2d 128)

BIRDSONG, Presiding Judge.

Michael Jermaine Hood appeals his convictions of one count of armed robbery, two counts of possession of a firearm during the commission of a crime, two counts of violation of the Georgia Controlled Substances Act by possession of crack cocaine and marijuana, one count of obstruction of an officer, and one count of carrying a concealed weapon. He contends the trial court erred by denying his motion to exclude evidence of the robbery victim's identification of Hood through an impermissibly suggestive photographic lineup that allegedly was not placed before the jury in a proper procedural manner, by allowing the State to place his character in issue, and by excluding evidence of a guilty plea to another crime entered by the person Hood believed committed this robbery.

The evidence showed that a man with a red cloth over the lower part of his face entered a food store and robbed the clerk. The robber pointed a pistol at the victim, demanded the money, and told the victim that he would shoot her through the heart if she looked at him.

The victim, however, did look at the robber. The victim handed over money, food stamps, and a personal check. A video camera made a tape of the robbery from which two police officers identified Hood as the robber. Subsequently, one of the officers saw Hood riding in a car driven by another person, and stopped the car. Money, food stamps, a personal check, and a handgun were taken from Hood and a red shirt was taken from the car in which he was riding. When Hood was taken to the jail, he was searched and substances later identified as cocaine and marijuana were found on his person.

That morning the victim positively identified the handgun and the red shirt as being used by the person who robbed her, and the personal check as the one she gave the robber. Later that morning, through a photographic lineup, the victim identified Hood as the person who robbed her. *Held*:

1. Although Hood did not challenge the sufficiency of the evidence, we have reviewed the evidence in the light most favorable to the verdict and conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Witherspoon v. State*, 262 Ga. 2 (412 SE2d 829).

2. Hood alleges that the trial court erred by admitting evidence of the victim's identification of him through the photographic lineup because the lineup did not include his most recent photograph and he had changed his appearance by adopting a shorter haircut since the earlier photograph. The test for determining whether a due process violation occurred in cases such as this "is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *McCoy v. State*, 190 Ga. App. 258, 260 (378 SE2d 888). Although Hood asserts that the difference in his haircut created a substantial likelihood of an irreparable misidentification, the record shows that the victim covered the hair of the persons in the photographic lineup while identifying Hood as the person who robbed her. Consequently, Hood's hair played no part in the identification. Considering the factors set forth in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) discussed in *McCoy v. State*, supra, we conclude that under the totality of the circumstances test of *Neil v. Biggers*, the procedures used in this case were not sufficiently impermissibly suggestive as to cause a very substantial likelihood of irreparable misidentification.

Relying on *Jacobs v. State*, 207 Ga. App. 714 (2) (429 SE2d 256), Hood also contends the investigation was tainted because the prosecution did not introduce the photographic lineup in evidence so that the jury could independently consider whether the identification was impermissibly suggestive. Assuming without deciding that such a rule

exists, the transcript shows that the prosecution did not introduce the photographic lineup in evidence because Hood objected to it. Therefore, if there was error, Hood induced it and he cannot now complain that the lineup was not introduced in evidence. One cannot complain of a result he induced, procured or aided in causing. *Sullens v. State*, 239 Ga. 766, 767 (238 SE2d 864); *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420); *Locke v. Vonalt*, 189 Ga. App. 783, 787 (377 SE2d 696). Accordingly, this enumeration of error is without merit.

3. Hood also asserts the trial court erred by allowing the prosecution to place his character in issue by including his photograph in a jail uniform in the photographic lineup and by allowing a police officer to testify that it was a photograph that was on file at the police station. Because the photograph was not introduced in evidence, any error that may have resulted from using this photograph was certainly harmless error beyond a reasonable doubt. See *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869); *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38). Moreover, as the testimony Hood complains of occurred out of the presence of the jury, Hood's character was not impermissibly placed in issue. Merely stating that a photograph came from police department files does not place a defendant's character in issue. *Nichols v. State*, 200 Ga. App. 297, 299 (407 SE2d 493). This enumeration was also without merit.

4. Hood contends the trial court erred by excluding from the evidence on relevancy grounds a certified copy of the conviction of aggravated assault of the person who was driving the car when Hood was arrested. Hood wished to introduce this conviction to show that this person was a proper suspect in the robbery. As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (344 SE2d 536). In particular, "[q]uestions of relevancy are generally matters within the trial court's discretion and it is not error to exclude evidence that is not related to an issue at trial. *Sleeth v. State*, 197 Ga. App. 349 (3) (398 SE2d 298) (1990)." *American Assn. of Cab Cos. v. Egeh*, 205 Ga. App. 228, 229 (421 SE2d 741). Given the purpose for which Hood wished to introduce this conviction, the trial court did not abuse its discretion in excluding this evidence.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED JANUARY 19, 1995.

*Daniel B. Simon III*, for appellant.
*George C. Turner, Jr.*, District Attorney, *Blanchette C. Holland*,

*Assistant District Attorney,* for appellee.