A94A2171. SMITH v. THE STATE.
(454 SE2d 615)

RUFFIN, Judge.

Appellant, Kerry Smith, was convicted of entering an automobile with intent to commit a theft and robbery by sudden snatching. The evidence showed that the robbery victim, Betty Strickland, stopped at a store to buy a newspaper from a newspaper box outside the store. Strickland testified that she parked her car approximately ten feet away from the box, and as she was returning to her car she saw a man headed toward the vehicle. The man then opened the car door, took Strickland's blue and red tote bag and ran off. The next day, Strickland identified Smith in a photographic lineup.

1. Smith contends that the evidence identifying him as the perpetrator of the crimes was insufficient to support his convictions. In particular, Smith argues that Strickland's identification of him was "suspect" because of discrepancies in the two descriptions of him she gave to the police and because the photographic lineup was "suggestive." We disagree. Strickland testified that she was approximately seven to eight feet away from the man who entered her car and got a good look

at him for several seconds. Strickland chased Smith but was unable to catch him. The next day, Strickland identified Smith as the perpetrator in a photographic lineup. In addition, another witness, Walter Harvey, testified that he had known Smith all his life and was at the store on the morning of the incident. When Harvey came out of the store, he saw Strickland chasing Smith. Harvey testified that Smith was carrying a red and blue tote bag. Harvey later reported the incident to the police and identified Smith in a photographic lineup.

We find that the identification evidence was ample and clearly sufficient for a rational trier of fact to find Smith guilty of the two offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Any arguments about discrepancies in the victim's description of Smith or the "suspect" photographic lineup "relate entirely to matters within the exclusive province of a jury. Determining the credibility of witnesses and resolving conflicts goes to the weight of the evidence and is for the jury's consideration." (Citations and punctuation omitted.) *Foster v. State*, 203 Ga. App. 328, 330 (416 SE2d 855) (1992).

2. Smith contends that the offenses of robbery by sudden snatching and entering an automobile with intent to commit a theft merged and that the "more proper charge is that of entering an auto." The trial court found that the two offenses merged, and accordingly, sentenced Smith only for the greater offense of robbery by sudden snatching. Pretermitting the self-evident questions of whether entering the automobile was the lesser offense under OCGA §§ 16-1-6 and 16-1-7 which merged into the greater offense of robbery and whether sentencing for the robbery conviction was therefore appropriate, we note that Smith failed to object in any way to his sentencing on the robbery charge. The only comment his attorney made with respect to the two charges and the only part of the transcript cited in this enumeration of error was Smith's motion for directed verdict on the robbery by sudden snatching charge. Thus, Smith preserved nothing for appellate review with respect to his sentencing. See *Watkins v. State*, 206 Ga. App. 701 (3), (4) (426 SE2d 238) (1992).

3. Smith contends that he received ineffective assistance of counsel in a number of ways. This allegation was raised at Smith's motion for a new trial and the record contains a 40-page transcript on the issue in which Smith's trial counsel was thoroughly questioned regarding her actions and strategy during the trial. The trial court subsequently found that Smith's ineffective assistance allegation lacked merit. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citation and punctuation omitted.) *Stevens v. State*, 210 Ga. App. 355, 357 (6) (436 SE2d 82) (1993). We have reviewed the transcript from the motion for new trial and do not find

that the trial court's ruling was clearly erroneous.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 27, 1995.

*L. Elizabeth Lane,* for appellant.
*Charles H. Weston, District Attorney,* for appellee.