A95A0086. DAVIS v. THE STATE.
(455 SE2d 115)

BIRDSONG, Presiding Judge.

Ronald Lee Davis appeals his judgment of conviction of violation of the Georgia Controlled Substances Act, sale of cocaine. His sole enumeration is that the trial court erred in denying his motion to suppress identification testimony.

An undercover police officer made a buy of cocaine from appellant who was observed sitting on a large electrical box in a housing area and wearing a Georgia Bulldog shirt. A videotape was made of the transaction, and still photographs subsequently were made from the tape. Evidence was admitted of the officer's pretrial showup iden-

tification of appellant, and the officer also made an in-court identification. His testimony was partially corroborated by the testimony of another police officer who went to the crime scene about 30 minutes later and observed appellant, who matched the detailed physical description given by the undercover officer, sitting on the electrical box and wearing a Georgia Bulldog shirt. The police officer, who gave the corroborating testimony, viewed the videotape at the police station and also identified appellant in court therefrom; the corroborating officer was "personally familiar" with appellant, having conversed with him on the street on numerous other occasions. At the time of appellant's arrest, about two months later, a one-on-one showup identification was made by the undercover agent; thereafter, appellant made a spontaneous, voluntary statement to the effect that he recognized the undercover officer as having been in a white car and having made the "controlled buy" from appellant. Both the videotape and still photographs were admitted in evidence and shown to the jury. *Held*:

1. In determining whether the trial court erred in denying the motion to suppress identification testimony, this court may consider the evidence adduced both at the suppression hearing and at trial. Cf. *Sanders v. State*, 235 Ga. 425, 431-432 (219 SE2d 768); *Jones v. State*, 187 Ga. App. 421, 422-423 (370 SE2d 784).

2. "One-on-one showups have been held to be inherently suggestive." *Holbrook v. State*, 209 Ga. App. 301, 302 (1) (433 SE2d 616). Thus, "[i]n determining whether a due process violation occurred in the conduct of the pretrial confrontation between the eyewitness [undercover officer] and the appellant, the test is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *McCoy v. State*, 190 Ga. App. 258, 260 (3) (378 SE2d 888); accord *Martin v. State*, 193 Ga. App. 581, 582 (1) (388 SE2d 420). It is recognized that any psychological effect a one-on-one showup may have on a potential witness is greatly diminished when that witness is a law enforcement officer who, through experience, training or both, has learned certain witness identification techniques and procedures. Nevertheless, "[t]he factors to be considered in evaluating whether a very substantial likelihood of irreparable misidentification exists, under the totality of the circumstances include: '(a) the opportunity of the witness to view the criminal at the time of the crime [although the drug transaction was of relatively short duration, the area was well illuminated by a nearby street light and the headlights of the officer's vehicle; appellant's face was illuminated further by the interior light of the officer's car when appellant looked into the vehicle window; moreover, the undercover officer had the opportunity subsequently to review the videotape and the still photographs made therefrom, which preserved for investiga-

tive posterity appellant's presence at the crime scene], (b) the witness' degree of attention [immediately following the incident the undercover officer reported the location of, physical characteristics of, and certain of the clothing being worn by appellant], (c) the accuracy of the witness' prior description of the criminal event [accuracy of the undercover officer's degree of attention was corroborated by the independent testimony of another police officer who thereafter observed appellant in the same general location and wearing the same type of clothing as reported by the undercover officer], (d) the level of certainty demonstrated by the witness at the confrontation [although the undercover officer testified that he saw appellant twice that evening for approximately five to ten seconds and ten to fifteen seconds, respectively, that the criminal transaction lasted only for a brief period of time, and that misidentification was always possible, he expressed certainty as to his identifications of appellant — both as to the out-of-court showup identification at the police station and as to his in-court identification], and (e) the length of time between the crime and the confrontation [it was approximately two months from the date of the crime to the date when the undercover officer identified appellant at the one-on-one showup]. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401).'" *Montgomery v. State*, 210 Ga. App. 147, 148 (3) (a) (435 SE2d 510). "Under the totality of the circumstances, we find that there existed no substantial likelihood of irreparable misidentification." Id. at 149 (3) (a).

Additionally, "[a]ssuming arguendo some form of taint had occurred in the pretrial identification of appellant, a witness' in-court identification may still be admitted provided[, as in this case,] it has an 'independent origin' therefrom. [Cit.] Moreover, the fact that a witness may have only a ' "fleeting" opportunity to observe' a perpetrator at the crime scene does not per se render the in-court identification inadmissible." *Brown v. State*, 192 Ga. App. 187, 189 (1) (384 SE2d 254). Considering the totality of the circumstances, we find the undercover officer's in-court identification of appellant had such an "independent origin" in this case.

3. Assuming arguendo error had occurred in the admission of identification evidence, in view of the overwhelming evidence of appellant's guilt, such error, even if of constitutional magnitude, would be harmless. See *Palmer v. State*, 186 Ga. App. 892, 897, 899 (369 SE2d 38).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 9, 1995.

*W. Steven Harrell, K. Leslie Smith*, for appellant.

*Edward D. Lukemire, District Attorney, A. Robert Tawse, Jr., Assistant District Attorney,* for appellee.