# A95A2439. JONES v. THE STATE.
(469 SE2d 379)

McMURRAY, Presiding Judge.

Defendant was indicted for robbery by sudden snatching, theft by taking and possession of a drug-related object. The evidence adduced at a jury trial reveals that the victim was attacked by a man at an automatic teller machine at about 4:30 in the morning on April 16, 1993. The assailant grabbed the victim as she stood outside the open door of her car, threw the victim to the side and grabbed her wallet. The victim faced her attacker during this struggle for about three seconds and got a good look at him before he broke away, snatched the victim's purse and ran. The victim fired two shots (from a hand-. gun) toward the assailant as the man fled.

A few minutes after the assault, police arrived at the scene and the victim gave them a detailed description of the assailant. At about 6:00 that morning, the victim identified defendant at the police station from a spread of about 17 police photographs. Approximately 45 minutes later, a photographic lineup, that did not include defendant, was displayed to the victim. She indicated that the features of one of the photograph subjects resembled defendant, but explained that the subject was not defendant. About 16 hours later (11:00 that night), the victim returned to the police station, observed defendant and immediately made a positive identification. The victim positively identified defendant as the man who attacked her at the automatic teller machine.

The jury found defendant guilty of the crimes charged in the indictment. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first contends the trial court erred in allowing the victim to identify him at trial in light of the unconstitutional and impermissibly suggestive pretrial identification procedures.

" 'Pretermitting whether the pretrial photographic and (showup procedures) to which [the victim] was subjected w[ere] unduly permissive (see generally *State v. Frye*, 205 Ga. App. 508, 509 (2) (422 SE2d 915))(, the controlling issue) is whether any procedure resulted "in a very substantial likelihood of irreparable misidentification." The factors to be considered in evaluating whether a very substantial likelihood of irreparable misidentification exists, under the totality of the circumstances include: "(a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401)." (Punctuation omitted.) *Phillips v. State*, 204 Ga. App. 698 (2) (420 SE2d

316).' *Montgomery v. State*, 210 Ga. App. 147, 148 (3a) (435 SE2d 510)." *Lampkin v. State*, 213 Ga. App. 589, 592 (1) (445 SE2d 324).

In the case sub judice, the victim's testimony reveals that she had ample opportunity to view the man who attacked her at the automatic teller machine on the morning of April 16, 1993. She testified that the area where she was attacked was well lighted; that she was "face to face" or about six to eight inches from the assailant, for a period of about three seconds during the struggle, and that she got a good look at the man during the attack. The victim gave the police a detailed physical description of her assailant minutes after the attack and this description closely matches defendant's physical characteristics. The victim was also certain of her identification of defendant at the first photographic lineup as well as at trial. Further, the degree of detail the victim gave regarding the sequence of events during the crimes bolsters the reliability of her identification of defendant as the perpetrator of the crimes charged. Under these circumstances, we find that there existed no substantial likelihood of irreparable misidentification due to the pretrial identification procedures used in the case sub judice. Consequently, the trial court did not abuse its discretion in denying defendant's motion to exclude the victim's identification testimony at trial. See *Hood v. State*, 216 Ga. App. 106, 107 (2) (453 SE2d 128).

2. Defendant contends the evidence was insufficient to support his convictions for robbery by sudden snatching and theft by taking, arguing that the victim's identification testimony was not enough to support his convictions. We do not agree. The victim's identification testimony was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of robbery by sudden snatching and theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Defendant's argument "about discrepancies in the victim's description of [him] or the 'suspect' photographic lineup 'relate entirely to matters within the exclusive province of a jury. Determining the credibility of witnesses and resolving conflicts goes to the weight of the evidence and is for the jury's consideration.' (Citations and punctuation omitted.) *Foster v. State*, 203 Ga. App. 328, 330 (416 SE2d 855) (1992)." *Smith v. State*, 216 Ga. App. 415 (1), 416 (454 SE2d 615).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 19, 1996.

*Timothy L. Barton*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *Carol L. Stokes*, Assistant

*District Attorney*, for appellee.