A98A1233. MASSALINE v. THE STATE.
(506 SE2d 181)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of armed robbery. The evidence adduced at trial reveals that defendant used a handgun to rob Jacob Rawls and Jeff Henderson on the afternoon of June 27, 1996, while the victims were using a roadside rest area and lavatory facility. Defendant's accomplice, Tressie Evans, was called as a State's witness and testified that she waited in the getaway vehicle while defendant committed the crime; that she and defendant fled to a nearby hotel after the robbery; that defendant gave her the pistol he used in the armed robbery, and that she "got scared and got the gun . . . and threw it in a trash can." Evans explained that she pleaded guilty to committing robbery by intimidation; that she had not yet been sentenced for this crime, and that she was originally charged with armed robbery. The trial court did not allow defense counsel to question this witness about the sentencing advantage she acquired by pleading guilty to the lesser included offense of robbery by intimidation.

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in allowing Jeff Henderson to identify him at trial as the perpetrator of the crime charged, arguing that Henderson's perception was influenced by an impermissibly suggestive showup procedure which police officers

conducted at a hotel where defendant was arrested about 30 minutes after the armed robbery.

Pretermitting whether this showup procedure was " ' "unduly permissive (see generally *State v. Frye*, 205 Ga. App. 508, 509 (2) (422 SE2d 915))(, the controlling issue) [in the case sub judice] is whether any procedure resulted 'in a very substantial likelihood of irreparable misidentification.' The factors to be considered in evaluating whether a very substantial likelihood of irreparable misidentification exists, under the totality of the circumstances include: '(a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401).' (Punctuation omitted.) *Phillips v. State*, 204 Ga. App. 698 (2) (420 SE2d 316)." *Montgomery v. State*, 210 Ga. App. 147, 148 (3a) (435 SE2d 510).' *Lampkin v. State*, 213 Ga. App. 589, 592 (1) (445 SE2d 324)." *Jones v. State*, 220 Ga. App. 236 (1) (469 SE2d 379).

In the case sub judice, Jeff Henderson's testimony reveals that he had ample opportunity to view the man who robbed him on the afternoon of June 27, 1996. Henderson testified that the gunman was standing directly in front of him during the armed robbery; that he looked his assailant right "in the eyes"; that he was then mindful of the robber's appearance, and that he watched the man for about 15 to 30 seconds during the robbery. Henderson gave officers a detailed account of the suspect's appearance during the robbery, and this description matches defendant's physical traits and the clothing defendant was wearing 30 minutes after the armed robbery. Further, Henderson spontaneously identified defendant as the armed robber, with no direction or prompting from law enforcement officers, as soon as he arrived at the hotel where defendant was apprehended. These circumstances, the fact that Henderson positively identified defendant as his assailant at trial, and the degree of detail Henderson gave regarding the sequence of events during the armed robbery, bolster the reliability of Henderson's identification of defendant as the perpetrator of the crime charged. We, therefore, find no substantial likelihood of irreparable misidentification due to the showup identification procedure used in the case sub judice. Accordingly, the trial court did not abuse its discretion in allowing Henderson's identification testimony at trial. See *Hood v. State*, 216 Ga. App. 106, 107 (2) (453 SE2d 128).

2. Defendant contends the trial court erred in failing to permit cross-examination of Tressie Evans about any sentencing advantage she acquired by agreeing to testify for the State and pleading guilty to the lesser included offense of robbery by intimidation.

In *Byrd v. State*, 262 Ga. 426 (420 SE2d 748), the Supreme Court of Georgia held that a trial court abuses its discretion by refusing to allow cross-examination of a State's witness about pending criminal charges against the witness. This ruling is based on the significance of exposing a witness' possible interest or motive when testifying for the State. Id. at 427 (2). We find no difference between the circumstances in *Byrd* and the trial court's decision in the case sub judice not to allow cross-examination of Tressie Evans about any sentencing advantage she acquired by agreeing to testify for the State. The trial court, therefore, erred in not allowing the jury to hear the full extent of any benefit Tressie Evans may have acquired for turning State's evidence. Nonetheless, we find this error harmless beyond a reasonable doubt because there is overwhelming evidence of defendant's guilt. Jeff Henderson positively identified defendant as the perpetrator of the crime charged. Defendant was arrested 30 minutes after the armed robbery at a nearby hotel where the robber's handgun was found stashed in a hotel trash can, and defendant's physical characteristics and clothing matched the victims' descriptions of their assailant. See *Byrd v. State*, 262 Ga. 426, 428, supra.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 19, 1998.

*Joseph M. Williams*, for appellant.

*Charles H. Weston, District Attorney, Howard Z. Simms, Barbara A. Becraft, Assistant District Attorneys*, for appellee.