A98A0886. JOHNSON v. THE STATE.
(506 SE2d 189)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of robbery by intimidation. The evidence adduced at trial reveals that a man approached, threatened and robbed the victim while the victim was fueling his car at a service station at about 9:45 in the evening on July 15, 1996. Although the robber fled with the victim's wallet, defendant was apprehended and identified by the victim as his assailant less than eight minutes after the robbery. The next morning, an officer found the victim's wallet in the police car where defendant had been seated.

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. The victim's identification testimony, as well as proof that the victim's wallet was found in the police car where defendant was seated, is sufficient to authorize the jury's finding that defendant is

guilty, beyond a reasonable doubt, of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends the trial court erred in allowing the victim to identify him at trial as the perpetrator of the crime charged, arguing that the victim's perception was unfairly influenced by an on-the-scene showup procedure.

Pretermitting whether this showup procedure was " ' "unduly permissive (see generally *State v. Frye*, 205 Ga. App. 508, 509 (2) (422 SE2d 915))(, the controlling issue) [in the case sub judice] is whether any procedure resulted 'in a very substantial likelihood of irreparable misidentification.' The factors to be considered in evaluating whether a very substantial likelihood of irreparable misidentification exists, under the totality of the circumstances include: '(a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401).' (Punctuation omitted.) *Phillips v. State*, 204 Ga. App. 698 (2) (420 SE2d 316)." *Montgomery v. State*, 210 Ga. App. 147, 148 (3a) (435 SE2d 510).' *Lampkin v. State*, 213 Ga. App. 589, 592 (1) (445 SE2d 324)." *Jones v. State*, 220 Ga. App. 236 (1) (469 SE2d 379).

In the case sub judice, the victim testified that the robber was standing directly in front of him; that the gas station was well lighted at the time of the robbery; that he examined the robber's face for "a second or two seconds"; that this view was enough for him to get a "good look" at his assailant, and that his training as a "Wells Fargo" security officer focused his attention on the robber's appearance. Further, the record shows that the victim's on-the-scene description of his assailant's clothing matched the clothing defendant was wearing on the night of the robbery; that the showup procedure was conducted only minutes after the victim was robbed, and that the victim immediately identified defendant as his assailant at the on-the-scene showup procedure. This evidence, and the victim's positive trial testimony that defendant was the perpetrator of the crime charged, authorizes the trial court's finding that there is "no possibility for a misidentification in this case." Accordingly, the trial court did not abuse its discretion in allowing the victim's identification testimony at trial. See *Hood v. State*, 216 Ga. App. 106, 107 (2) (453 SE2d 128).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 19, 1998.

*Randall, Nestor & Spivey, Brian T. Randall, Stacey Nestor*, for appellant.

*Charles H. Weston, District Attorney, Jeffrey N. Powers, Myra Y. Christian, Assistant District Attorneys*, for appellee.