## A99A2167. CROMARTIE v. THE STATE.
(527 SE2d 228)

ELDRIDGE, Judge.

A Worth County jury found James Cromartie guilty of trafficking in cocaine, driving without a tag light, and driving with a suspended driver's license. He appeals pro se and, from what we can decipher, raises four alleged errors of law. Finding the enumerated errors meritless, we affirm.[1]

1. Cromartie contends that he received ineffective assistance of counsel at trial because his trial attorney allegedly: (a) failed to discuss the case with him in preparation for trial; (b) failed to produce material witness Reginald Gissendanner; (c) failed to prepare his wife Carolyn Cromartie to testify at trial; (d) failed to file a motion to suppress evidence obtained pursuant to a search of his Pathfinder sport utility vehicle ("SUV"); and (e) failed to request the trial court to charge the jury on the law relating to "misfortune."

> [T]he proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) [(1984)]. First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls

---

[1] Cromartie's appeal was docketed on June 29, 1999; his brief, styled "Brief in Support of Defendant's Notice of Appeal," was filed on August 4, 1999. An additional brief, untimely filed on August 31, 1999, and raising the same issues as the prior brief, will not be considered by this Court.

within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different.

(Citations and punctuation omitted.) *White v. State*, 216 Ga. App. 583 (1) (455 SE2d 117) (1995). Further, "[a] trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citation and punctuation omitted.) *Smith v. State*, 216 Ga. App. 415, 416 (3) (454 SE2d 615) (1995).

We have reviewed defense counsel's testimony at the motion for new trial and find Cromartie's contentions to be without merit for the following reasons:

(a) Trial counsel met with Cromartie at least four times prior to trial and discussed all aspects of the case, including Cromartie's theory of defense. Apparently, the only reason more meetings did not occur was because Cromartie, who was out on bond, would not call counsel or set up an appointment to come to counsel's office. The record indicates that Cromartie was more interested in seeking a continuance of his case than preparing for trial. Thus, counsel was not ineffective due to a failure to discuss the case with Cromartie.

(b) Cromartie told his trial counsel that he, Cromartie, would produce allegedly material witness Gissendanner, who resided in Miami, Florida. Thus, counsel was not ineffective for failing to produce said witness.

Further, Cromartie wanted Gissendanner as a witness in order for Gissendanner to testify that the drugs were his and that he had placed them into Cromartie's SUV. In addition, Gissendanner had outstanding criminal charges in Worth County. Under such circumstances, it would appear likely that any attempts to obtain testimony from Gissendanner would be unavailing. Accordingly, the failure to produce such witness would not be ineffective.

(c) Carolyn Cromartie was not listed as a witness for the defense and was not supposed to testify; she was called as a rebuttal witness immediately following the testimony of the State's rebuttal witness. As such, "preparation" for trial testimony would be impossible, since counsel was not aware of the substance of the State's rebuttal testimony in order to engage in "preparation."

Moreover, the record shows that the "preparation" Cromartie had in mind would have altered his wife's testimony that she never

heard Cromartie discuss his case with his probation officer, which testimony was contrary to Cromartie's statements during the defense case-in-chief. While the alteration of Mrs. Cromartie's harmful, but presumably truthful, testimony may be viewed as "preparation" by appellant, we would consider it "fabrication" and do not find trial counsel ineffective for failing to engage in such. See *Nix v. Whiteside*, 475 U. S. 157 (106 SC 988, 89 LE2d 123) (1986) (holding that the right to testify on one's own behalf does not include the right to lie).

(d) Trial counsel filed 12 motions on Cromartie's behalf. Counsel discussed in detail with Cromartie the stop of his SUV, Cromartie's arrest for driving with a suspended license, and the subsequent search of the SUV. A search of the vehicle could be done pursuant to impound following arrest, but Cromartie also gave the officers consent to search his SUV and even told the officers how to open the back hatch. "In light of this evidence, a motion to suppress would have been meritless, and [Cromartie's] counsel was therefore not ineffective for failing to file such motion." *Crews v. State*, 226 Ga. App. 232, 233 (1) (486 SE2d 61) (1997).

(e) While Cromartie may view the officers' discovery of 42 grams of cocaine under the hood of his SUV as "unfortunate," such does not justify a jury charge on the law regarding "misfortune." The law of accident and misfortune does not encompass Cromartie's defense that the drugs belonged to someone else and that he did not know the drugs were in the SUV. Where there is nothing to indicate that a defendant, himself, did anything by accident or mistake, a charge on misfortune is not applicable. *Mansfield v. State*, 214 Ga. App. 520-521 (1) (448 SE2d 490) (1994). Trial counsel was not ineffective for failing to request an inapplicable jury charge.

The record supports the trial court's finding that Cromartie received effective assistance of counsel. Accordingly, this assertion of error is meritless.

2. Cromartie contends that, at the time of trial, he was "clandestinedly [sic] infiltrating a special case" on behalf of drug enforcement agents and, thus, the trial court erred in denying his motion to continue the trial of his case to another trial calendar.

The record shows that Cromartie's motion for continuance was first made following jury selection. Cromartie requested a continuance in order to hire an attorney, because he was dissatisfied with his court-appointed attorney. The trial court noted that Cromartie had ample time to hire an attorney during the months his court-appointed attorney had represented him; it was then Cromartie alluded to some work he was doing with law enforcement investigator Tommy Adams that Cromartie thought would preclude the necessity to go to trial at all. The trial court denied Cromartie's motion for continuance, because Cromartie had requested a court-appointed

lawyer and had over four months to hire an attorney, if he had wanted to do so. However, at the same time, the trial court specifically held:

> [O]n the matter Mr. Cromartie was talking about and this reference to Mr. Adams, if at some point either side desires, we'll just take the court reporter in chambers with just the lawyers and investigator [Adams] and the defendant, and explore this matter a little further.

Cromartie put forward no further evidence on this subject.

Since the record contains no evidence in support of Cromartie's contentions regarding "clandestined infiltration," we find no abuse of the trial court's discretion in denying his motion for a continuance on such basis. OCGA § 17-8-22.

3. (a) Cromartie next contends that the trial court erred in denying his motion for new trial, because the trial court allegedly failed to consider the exculpatory affidavit of Gissendanner attached to the defense's brief in support of the motion for new trial. Gissendanner's affidavit stated that the drugs were his and that Cromartie had no knowledge that drugs were present in the SUV. To the extent that Cromartie's motion for new trial encompasses an extraordinary motion for new trial based on newly discovered evidence, we find his contentions meritless.

> The standard for granting a new trial on the basis of newly discovered evidence is well established. It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. *All six requirements must be complied with to secure a new trial.*

(Citations and punctuation omitted; emphasis supplied.) *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).

Here, Gissendanner's affidavit is not "newly discovered" evidence, since the record shows that Cromartie had been in contact with Gissendanner and expected Gissendanner to appear at trial to testify regarding the substance of the affidavit. Nor has Cromartie shown that he used due diligence in order to obtain Gissendanner's

presence prior to trial. There is no evidence that Gissendanner was subpoenaed, nor was any evidence put forward regarding the steps exercised to obtain Gissendanner's presence at trial.

In fact, from the record, it appears that Gissendanner was aware that Cromartie had been charged with the offense and, apparently, refused to appear for trial, even though he was contacted by Cromartie; Gissendanner did not appear at the motion for new trial on Cromartie's behalf; and there is absolutely no showing that Gissendanner would appear at any subsequent trial on this case to testify to the substance of his affidavit. "Implicit in [the] six requirements [for newly discovered evidence] is that the newly discovered evidence must be admissible as evidence. [Cit.]" *Seritt v. State*, 237 Ga. App. 665, 667 (2) (516 SE2d 366) (1999). Gissendanner's affidavit would not be admissible in a criminal trial. We find no error in the trial court's refusal to consider it, since there is no evidence that its putative author would actually appear in court to testify in support thereof.

(b) Cromartie also contends that the trial court denied his motion for new trial because of a bias against Cromartie due to what Cromartie calls his "flagrant life style and drug involvement." There is absolutely nothing in the record to support such contention, and we will not consider it.

4. "Because we have decided the main appeal, the appeal from the denial of bond pending post-trial relief is moot. [Cit.]" *Fenimore v. State*, 218 Ga. App. 735, 739 (463 SE2d 55) (1995).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 15, 1999 —
RECONSIDERATION DENIED JANUARY 6, 2000 — ▮▮▮▮▮▮

James Cromartie, *pro se.*
C. Paul Bowden, District Attorney, Holli G. Martin, Assistant District Attorney, for appellee.