A97A1780. SINGLETON v. THE STATE.
(493 SE2d 556)

BLACKBURN, Judge.

James Bennett Singleton appeals his conviction by a jury of selling cocaine and attempting to sell cocaine. Singleton contends that the trial court erred in charging the jury on attempt, in denying his challenge to the jury array, and in denying his motion for new trial on those grounds.

1. Singleton asserts that he was denied equal protection and due process under the law as a result of the trial court's alleged interference with the jury array. Prior to jury selection, Singleton's counsel

objected to the jury array, contending that because it contained no African-Americans, it did not properly reflect the minority population of the county. During the trial court's inquiry into this challenge, it was determined that the 1990 census for White County reflected that African-Americans over the age of 18 made up 2.6 percent of the county population. The trial court also determined that African-Americans made up 2.53 percent of the jury array for that day. The trial court acknowledged that an African-American was originally to be included within the panel from which Singleton's jury was selected; however, because that juror was late reporting for duty, he was put at the end of the list with the other late jurors. Singleton contends that the trial court's failure to include this juror on his panel artificially excluded the juror so that the make-up of the panel was no longer random.

The mere fact that a jury panel contains no members of a defendant's race will not, standing alone, support a challenge to the array and warrant the granting of a motion for new trial. See *Hudson v. State*, 185 Ga. App. 508 (1) (364 SE2d 635) (1988). Rather, the proper "inquiry concerns the procedures for compiling the jury lists and not the actual composition of the grand or traverse jury in a particular case." *Patterson v. Balkcom*, 245 Ga. 563, 565 (1) (266 SE2d 179) (1980).

In the present case, Singleton challenges the trial court's practice of putting late jurors at the end of the jury list. Although we have found no cases that specifically address this practice, we cannot say that such a procedure affects the randomness of the jury panel as it is entirely random as to which jurors will arrive late on a given day. There was no competent evidence of systematic exclusion or underrepresentation of prospective jurors of Singleton's race. See *Campbell v. State*, 240 Ga. 352, 355 (2) (240 SE2d 828) (1977). "The fact that the jury panel in this particular case actually contained a lower percentage of blacks is not especially significant. There is no constitutional guarantee that the grand or petit juries, impanelled in a particular case will constitute a representative cross-section of the entire community." (Punctuation omitted.) *Truitt v. State*, 212 Ga. App. 286, 287 (441 SE2d 800) (1994). See also *Smith v. State*, 151 Ga. App. 697, 699 (4) (261 SE2d 439) (1979). Therefore, the trial court did not err in overruling Singleton's objection to the jury array.

2. Singleton next contends that the trial court erred in charging the jury on attempt. Singleton was indicted for two counts of selling cocaine. However, at trial it was discovered that the second sale did not take place in White County. Because evidence was presented regarding an attempt to sell cocaine in White County, the trial court charged on attempt.

OCGA § 16-4-3 provides that "[a] person charged with commis-

sion of a crime may be convicted of the offense of criminal attempt as to that crime without being specifically charged with the criminal attempt in the accusation, indictment, or presentment." The evidence presented, viewed in the light most favorable to the verdict, establishes that on October 17, 1995, an informant asked Singleton for some cocaine. Singleton did not have any cocaine but said he could get some. Together they drove to Tony Rucker's house where Singleton took the informant's money and got out of the car to go to the house. When Singleton returned to the car he stated that Tony was not home and that the "girl [at the house] didn't want to sell him anything because she was afraid of [the informant]." Tony Rucker's house is in White County. Singleton and the informant then drove to a location in Hall County where Singleton obtained cocaine and sold some to the informant.

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. As there was evidence that Singleton attempted to sell the informant cocaine in White County, the trial court did not err in charging the jury on attempt.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 20, 1997 —
RECONSIDERATION DENIED NOVEMBER 4, 1997 — ▮▮▮▮▮▮▮▮

*Charles B. Brown*, for appellant.
*Albert F. Taylor, Jr., District Attorney, Darrell E. Wilson, Mary E. Moore, Assistant District Attorneys*, for appellee.

