## S99A1670. MORGAN v. THE STATE.
### (525 SE2d 691)

THOMPSON, Justice.

Defendant Willie Fred Morgan was convicted and sentenced for felony murder and armed robbery.[1] He appeals, asserting, inter alia, the trial court erred when it placed nine prospective jurors, who had been excused at the previous term of court, at the top of the jury list. We affirm.

Viewing the evidence in a light favorable to the State, we find the following: Morgan and three friends, Willie Anthony Allen, Willie Walter Allen, and Michael Butler, set out to rob Jesus Rodriguez. They went to Rodriguez's house under the pretext of collecting a debt. Butler waited across the street, and Willie Walter stood on the front steps as Morgan and Willie Anthony went to the front door. Morgan was armed with a pistol.

Morgan kicked in the door of Rodriguez's house. He and Willie Anthony entered the house, and one of them shot Rodriguez in the head. They took some change from Rodriguez's pockets and fled with Willie Walter and Michael Butler.

Willie Anthony told Willie Walter that he shot and killed Rodriguez. Although Morgan told a friend that he killed Rodriguez, he gave a statement to the police in which he said that Willie Anthony was the shooter. In this regard, he admitted that he went to Rodriguez's house with Willie Anthony, Willie Walter, and Michael Butler; that they intended to rob Rodriguez; that he had a pistol; and that he

---

[1] The crimes were committed on July 16, 1998. Morgan was indicted on August 12, 1998, and tried, convicted and sentenced on November 9, 1998. Morgan's timely filed motion for a new trial was denied on July 6, 1999, and he filed a notice of appeal on July 28, 1999. The case was docketed in this Court on August 9, 1999, and submitted for a decision on the briefs on October 4, 1999.

kicked down the door. Morgan stated, however, that he barely crossed the threshold of Rodriguez's house; and that Willie Anthony took his pistol and used it to shoot Rodriguez. Ballistics evidence confirmed that Morgan's pistol, which Morgan sold after the shooting, was the murder weapon.

1. The evidence is sufficient to enable any rational trier of fact to find Morgan guilty beyond a reasonable doubt of felony murder and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Johnson v. State*, 269 Ga. 632, 634 (501 SE2d 815) (1998) (party to a crime may be convicted for the crime even though he did not commit it directly).

2. In his first enumeration of error, Morgan challenges the trial court's practice of placing jurors who had been excused during the previous term of court at the top of the jury list. Relying upon *Jewell v. State*, 261 Ga. 861 (413 SE2d 201) (1992), Morgan posits that these jurors were not selected *"randomly* from a complete list of eligible jurors." (Emphasis supplied.) Id. at 863. However, the mere fact that the jurors were excused previously does not mean that they were not selected randomly. See *Singleton v. State*, 229 Ga. App. 135, 136 (493 SE2d 556) (1997) (practice of putting late jurors at end of jury list does not affect randomness of jury panel). Moreover, Morgan does not assert that the practice of placing previously excused jurors at the top of the jury list constituted purposeful discrimination or the systematic exclusion of a cognizable group. See *Jewell v. State*, supra at 862; *Singleton v. State*, supra.

3. Morgan asserts the trial court erred in admitting a pre-trial statement which he gave to the police. We disagree.

The evidence adduced at a *Jackson-Denno* hearing demonstrated that Morgan was advised of his rights; that he stated that he understood his rights; and that he responded affirmatively when asked if he was giving his statement freely and voluntarily.

Although Morgan's mother told the police that Morgan was a "little slow," Morgan did not appear to be mentally infirm. Nevertheless, the police made an extra effort to explain everything to Morgan and he appeared to understand everything that was discussed.

Following a *Jackson-Denno* hearing, a trial court's conclusions of fact and credibility are to be accepted unless clearly erroneous. *Yorker v. State*, 266 Ga. 615, 617 (4) (469 SE2d 158) (1996). The evidence supports the trial court's determination that Morgan's statement was given voluntarily. Thus, it cannot be said that the trial court erred in admitting his statement. Id.

4. The trial court did not violate OCGA § 17-9-2 when it instructed the jury: "[I]t then becomes your duty and responsibility to apply the law that I give you in the charge to the facts as you find

them to be." See *Harris v. State*, 190 Ga. 258, 260-264 (9 SE2d 183) (1940).

5. The trial court did not err in recharging the jury on the law of parties to a crime. The recharge came on the heels of this request for clarification of the felony murder charge: "If we do not think he shot the man 'by shooting said victim with a gun' — we need a clear explanation of what that means." The recharge was an appropriate response to the jury's inquiry and did not violate OCGA § 17-8-57.

6. When the jury asked for a statement by one of the detectives who interviewed Morgan, the trial court responded: "The evidence is closed. There will be no further evidence. You will decide the case on the evidence as you collectively recollect it." Contrary to Morgan's contention, the trial court's use of the word "collectively" did not encourage the jury to return a verdict that was not unanimous.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*Ronnie Joe Lane,* for appellant.

*J. Brown Moseley, District Attorney, Minerva S. Cansino, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.