A03A1942. BAY v. THE STATE.
(596 SE2d 229)

MILLER, Judge.

Craig Alan Bay was convicted and sentenced on one count each of armed robbery, possession of a firearm during the commission of a felony, and burglary. Following the denial of his motion for new trial, Bay appeals, raising several enumerations of error. We discern no error and affirm.

1. In his first enumeration of error, Bay contends that the evidence was insufficient to support his convictions. He argues that the *weight* of the evidence was insufficient because there were discrepancies in the testimony of several of the State's witnesses.

On appeal, however, the evidence must be viewed in the light most favorable to the verdict, Bay no longer enjoys the presumption of innocence, and this Court determines the sufficiency, *not the weight of the evidence, and does not judge the credibility of the witnesses. Pippins v. State*, 263 Ga. App. 453-454 (1) (588 SE2d 278) (2003). "Conflicts in the testimony of the witnesses, including the state's witnesses, [are] a matter of credibility for the jury to resolve." (Citations omitted.) *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311) (1976); see *Jones v. State*, 220 Ga. App. 236, 237 (2) (469 SE2d 379) (1996). Thus, Bay's challenge based on the weight of the evidence is to no avail. Moreover, the evidence that Bay, wielding a gun, barged into the victim's hotel room, demanded money from the victim, pistol

whipped him, and took his wallet, sufficed to sustain his convictions. See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA §§ 16-7-1 (a); 16-8-41 (a); 16-11-106 (b) (2).

2. Bay was arrested with two other men, and police confiscated five guns among the three of them. In his second enumeration, Bay contends that the trial court erred in allowing the State to exhibit two of those guns to the jury. Although these weapons were not admitted into evidence, Bay argues that because the evidence showed that he did not possess those particular guns, presenting them in front of the jury was harmful in that it gave the impression that Bay "had an arsenal on him at the time of his arrest."

The State presented the two guns to an acquaintance of Bay's and asked him if he recognized them. The witness stated that he recognized both guns as belonging to one of the men arrested with Bay. Therefore, we see no prejudice here as the testimony disassociated Bay from the two guns. Moreover, all five guns were a circumstance of Bay's arrest. Cf. *Blackshear v. State,* 199 Ga. App. 839, 840 (2) (406 SE2d 269) (1991).

3. In his third enumeration of error, Bay argues that the court erred in allowing the admission of lab reports showing trace amounts of blood on a gun linked to Bay. The "[a]dmission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." (Citation omitted.) *Carswell v. State,* 263 Ga. App. 833, 834 (2) (589 SE2d 605) (2003).

A detective testified that a gun found with Bay at his arrest contained traces of blood. The presence of blood on the gun was relevant here as evidence showed that gun had been in Bay's possession and that Bay pistol whipped the victim. This was circumstantial evidence linking Bay with the victim. See *Nair v. State,* 236 Ga. 892, 894 (3) (226 SE2d 61) (1976). Thus, the trial court did not abuse its discretion in allowing the admission of such evidence.

4. In his fourth enumeration of error, Bay argues that his convictions for burglary and armed robbery merged as a matter of fact. We disagree. The crime of burglary was committed when Bay entered the hotel room without authority and with the intent to commit an armed robbery therein. The offense of robbery took place later when Bay took the victim's wallet at gunpoint. Therefore, as the facts used to prove the burglary were separate and distinct from those used to prove the armed robbery, the offenses did not merge. *Evans v. State,* 240 Ga. App. 297, 299 (2) (523 SE2d 103) (1999); see *Smith v. State,* 250 Ga. App. 465, 466-467 (1) (552 SE2d 468) (2001). The trial court did not err in failing to merge the offenses.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

Lane & Lane, Charles W. Lane, for appellant.
James R. Osborne, District Attorney, Theo M. Sereebutra, Assistant District Attorney, Gerry E. Holmes, for appellee.