## S05A0440. CLARK v. THE STATE.
### (611 SE2d 38)

CARLEY, Justice.

Tellis Lamar Clark was tried before a jury and found guilty of two alternative counts of the felony murder of Tamarcus Jordan, two separate counts which charged the underlying felonies of armed robbery and burglary, possession of a firearm during commission of a crime, possession of a firearm by a convicted felon, and aggravated assault against Phyllis Griffin. Treating the alternative count charging felony murder while in the commission of burglary as surplusage for sentencing purposes, the trial court merged armed robbery into the felony murder count based on that underlying felony, entered judgments of conviction for all remaining counts, and sentenced Clark to life imprisonment for the one count of felony murder, concurrent twenty-year terms without parole for burglary and aggravated assault, and a consecutive five-year term without parole for each count of firearm possession. The trial court denied a motion for new trial, and Clark appeals.[1]

1. Construed in support of the verdicts, the evidence, including eyewitness testimony of Clark's co-indictee Cesar Sessions and of Ms. Griffin, the victim of the assault, shows that Clark, who was a convicted felon, and others planned to rob Jordan in his home. While Sessions was in the living room with Jordan looking at some cocaine, Clark entered the home, pointed a gun at them, left the room, returned with Ms. Griffin, and held the gun at her head. After Jordan jumped up, Clark urged Sessions to "burn him." A struggle took place, Jordan broke away, and Sessions fatally shot him in the back and

---

[1] The crimes took place on January 6, 2003, and the grand jury returned an indictment on February 12, 2003. The jury found Clark guilty on October 2, 2003 and, on October 9, 2003, the trial court entered the judgments of conviction and sentences. On October 17, 2003, Clark filed a motion for new trial, which was amended on June 8, 2004 and denied on July 27, 2004. Clark filed a notice of appeal on August 13, 2004. The case was docketed in this Court on November 10, 2004 and submitted for decision on January 3, 2005.

head. Sessions took money from Jordan's pocket and gave some to Clark, and also took the cocaine. This evidence, which was properly admitted, was sufficient to enable a rational trier of fact to find Clark guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State,* 276 Ga. 384 (1) (578 SE2d 858) (2003); *Morgan v. State,* 271 Ga. 885, 886 (1) (525 SE2d 691) (2000).

2. Clark urges that the trial court erroneously denied a motion to suppress his videotaped statement to the police, because certain comments by the interviewing detective constituted a hope of benefit as proscribed by OCGA § 24-3-50. However, neither the videotape nor a transcript of the audio portion is included in the appellate record. Also the index to exhibits indicates that the videotape was retained by the court reporter. *Barrett v. State,* 263 Ga. 533, 535 (3) (436 SE2d 480) (1993), overruled on other grounds, *Wall v. State,* 269 Ga. 506, 508-509 (2) (500 SE2d 904) (1998); *Jarvis v. State,* 253 Ga. App. 581, 582 (1) (560 SE2d 29) (2002). At the hearing on the motion to suppress, the detective was unable to confirm from his memory the exact comments about which Clark now complains on appeal. Accordingly, there is nothing in the record for us to review. *Barrett v. State,* supra at 536 (3); *Jarvis v. State,* supra at 583 (1).

Moreover, the statements attributed to the detective that he knew that Clark was not the triggerman and that triggermen receive harsher sentencing did not constitute the hope of a lighter sentence. Thus, any such comments were not sufficient to taint the voluntariness of Clark's statements. *Arline v. State,* 264 Ga. 843 (2) (452 SE2d 115) (1995). See also *Jones v. State,* 266 Ga. App. 717, 720 (598 SE2d 366) (2004) (hope of benefit which will render a confession involuntary cannot relate to the sentence of another person).

3. Clark was tried jointly with Kenny Jackson, who participated in planning the robbery and drove one of the two getaway cars. Clark contends that the trial court erred in denying his motion to sever his trial from Jackson's, because Cassandra Jackson, who drove the other car, had been romantically involved with co-defendant, was afraid of him, and testified so as to minimize the appearance of their participation and to blame Clark.

"It is incumbent upon the defendant who seeks a severance to show clearly that he will be prejudiced by a joint trial, and in the absence of such a showing, the trial court's denial of a severance motion will not be disturbed. [Cit.]" *Green v. State,* 274 Ga. 686, 688 (2) (558 SE2d 707) (2002). A defendant does not make a sufficient showing of prejudice merely because "an accomplice, who is subject to cross-examination, takes the stand and blames the appellant or attributes to him a greater degree of culpability . . . . [Cits.]" *Chandler v. State,* 213 Ga. App. 46, 47 (1) (443 SE2d 679) (1994). Co-defendant

Kenny Jackson's use of testimony showing him to be less culpable than Clark does not make their defenses antagonistic and prejudicial. *Liggins v. State*, 239 Ga. 452, 453 (1) (238 SE2d 34) (1977). Ms. Cassandra Jackson " 'voluntarily testified at trial and therefore [Clark] was not deprived of the opportunity to cross-examine (her) or otherwise present evidence to distinguish (his) culpability from that of [Ms. Jackson and co-defendant Kenny Jackson].' " *Kidwell v. State*, 264 Ga. 427, 432 (10) (444 SE2d 789) (1994). See also *Slaughter v. State*, 257 Ga. 104, 107 (2) (355 SE2d 660) (1987), overruled on other grounds, *Woodard v. State*, 269 Ga. 317, 319 (2), fn. 14 (496 SE2d 896) (1998). Indeed, her testimony on cross-examination included an admission of her involvement with, and fear of, Kenny Jackson, and was inculpatory of him. Thus, the trial court did not abuse its discretion in denying the motion to sever. *Kidwell v. State*, supra; *Liggins v. State*, supra; *Chandler v. State*, supra.

4. During investigation of the crimes, Ms. Griffin identified Clark in one lineup containing fourteen photographs and another consisting of six photographs. He enumerates as error the trial court's denial of a motion to suppress evidence of these pre-trial identifications. Clark complains that his photograph was in both lineups, that the only criteria for selection of the 14 photographs was the inclusion of black males, and that, at the hearing on the motion, the State offered the testimony of a detective, but did not present Ms. Griffin's testimony or otherwise meet its burden of proof.

"The fact that defendant's picture was the only one to appear in both photo spreads does not demonstrate that the spreads were impermissibly defective. [Cit.]" *Dudley v. State*, 179 Ga. App. 252, 253 (1) (345 SE2d 888) (1986). See also *Brodes v. State*, 250 Ga. App. 323, 326 (2) (b) (551 SE2d 757) (2001). The existence of some variation in the 14 photographs does not cause that lineup to be impermissibly suggestive, particularly in light of the relatively high number of photographs. See *United States v. Sanchez*, 24 F3d 1259, 1262 (10th Cir. 1994); *Williams v. State*, 275 Ga. 622, 623 (2) (571 SE2d 385) (2002); *Brodes v. State*, supra at 325 (2) (a). The detective's testimony was a sufficient basis for denial of the motion regarding the pre-trial identifications. Indeed, the trial court was not required to hold any pre-trial hearing on that motion. *Moore v. State*, 215 Ga. App. 626 (1) (451 SE2d 534) (1994). "In determining whether the trial court erred in denying the motion to suppress identification testimony, this court may consider the evidence adduced both at the suppression hearing and at trial. [Cits.]" *Davis v. State*, 216 Ga. App. 580, 581 (1) (455 SE2d 115) (1995). The photographic displays have "been included in the record and, based upon our review . . . , we conclude that 'the trial court was authorized to find that there was no impermissible suggestiveness. (Cits.)' [Cit.]" *Williams v. State*, 275 Ga., supra at 623 (2).

5. Clark contends that the trial court erroneously permitted the State to present evidence of a similar transaction, because the prior crimes were not reported to law enforcement or prosecuted, were proved only by unsubstantiated, rambling testimony of Clifford Jackson, Jr., and did not have any logical or credible connection to the crimes charged here.

Just two weeks before Jordan's murder, according to Clifford Jackson's testimony, Clark, Kenny Jackson and others entered Clifford Jackson's residence near midnight, assaulted and injured him and a female victim, used guns, committed robbery, and took items from the home. These similarities were sufficient to make the previous crimes probative of Clark's course of conduct, intent, and bent of mind. *Boyd v. State*, 275 Ga. 237 (2) (564 SE2d 185) (2002); *Roker v. State*, 262 Ga. 220, 221 (2) (416 SE2d 281) (1992). After reviewing the transcript, we conclude that "[a]mple 'proof' of the similar transaction was presented. No corroboration of the victim's testimony is required. [Cit.] And a similar transaction is admissible notwithstanding the lack of an indictment.... [Cit.]" *Goodroe v. State*, 238 Ga. App. 66, 69 (2) (d) (518 SE2d 139) (1999). " '[I]t is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible.' [Cits.]" *Smith v. State*, 265 Ga. App. 57, 60 (2) (592 SE2d 871) (2004). Likewise, the fact that the victims failed to report the prior crimes to the police does not make the similar transaction inadmissible. *Lewis v. State*, 179 Ga. App. 121, 122 (2) (346 SE2d 70) (1986). "We find no error in the admission of this evidence under the standard set forth in *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). [Cit.]" *Boyd v. State*, supra at 238 (2).

6. The denial of a motion for mistrial is enumerated as error. Clark argues that the playing of a certain portion of his videotaped statement improperly placed his character in issue. As noted in Division 2, neither the videotape nor a transcript of the statement is in the record. According to the trial court, however, Clark stated on the videotape that, shortly before entering the house, he told Sessions that Jordan had already called the police on Clark at Taco Bell. Since this statement grew out of the circumstances leading up to the commission of the crimes, it was "admissible as part of the res gestae even if such evidence incidentally placed [Clark's] character in evidence. [Cit.]" *Kellibrew v. State*, 239 Ga. App. 783, 786 (3) (521 SE2d 921) (1999). See also OCGA § 24-3-3; *Patel v. State*, 278 Ga. 403, 405 (2) (603 SE2d 237) (2004); *Thrasher v. State*, 265 Ga. 401, 402 (2) (456 SE2d 578) (1995). Moreover, the statement was admissible as evidence of prior difficulties between Clark and the victim to show motive, intent, and bent of mind. *Gresham v. State*, 255 Ga. App. 625, 628 (2) (566 SE2d 380) (2002).

7. Clark contends that the trial court erred in failing to give his requests to charge the jury on the lesser included offenses of attempted armed robbery, attempted burglary, criminal trespass, robbery by intimidation, and theft by taking. Where, as here, the evidence in the record "shows completion only of the greater offense[s], it is unnecessary for the trial court to charge on the lesser offense[s]. [Cit.]" *Jenkins v. State*, 270 Ga. 607, 608 (2) (c) (512 SE2d 269) (1999). The trial court properly refused to instruct on "robbery by intimidation and theft by taking. The evidence showed a completed act of armed robbery. [Cit.] Nor did the court err in refusing to give appellant's requests to charge on attempt. The evidence showed completed acts." *Buice v. State*, 191 Ga. App. 7, 9 (8) (380 SE2d 741) (1989). Furthermore, the trial court did not err in refusing to charge the jury on criminal trespass. Contrary to Clark's assertion, the State's evidence clearly showed that he entered the residence without authority and with the intent to commit a felony or theft therein and, therefore, that he was guilty of "burglary. Appellant did not testify in his own defense. [Cit.] ' "The uncontradicted evidence (thus) showed completion of the greater offense . . . so that the charge on the lesser offense was not required. (Cits.)" (Cits.)' [Cit.]" *Munoz v. State*, 190 Ga. App. 806 (3) (380 SE2d 88) (1989).

8. Clark also contends that his sentences were improper under Georgia law in several respects.

He makes a general assertion that the State failed to establish that he was a three-time repeat offender so that he could be sentenced as a recidivist under OCGA § 17-10-7 (a), (c). At the sentencing hearing, however, the State introduced certified copies of convictions proving that, while represented by counsel, Clark had pled guilty to at least three separate felony offenses. He did not produce any counter evidence showing an infringement of his rights or a procedural irregularity in the taking of the pleas. Accordingly, the State properly met its burden of proof. *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999).

Other contentions regarding Clark's sentences are likewise without merit. The trial court did not err in failing to merge the separate burglary count, since only one felony need be merged with the felony murder conviction. Furthermore, the facts used to prove the burglary were separate and distinct from those used to prove the subsequent armed robbery, which the trial court properly merged into the felony murder count. *Taylor v. State*, 275 Ga. 461, 462 (1) (569 SE2d 520) (2002); *Bay v. State*, 266 Ga. App. 91, 92 (4) (596 SE2d 229) (2004). The 20-year sentences without parole for burglary and aggravated assault were not improper merely because Clark will be eligible for parole on the murder conviction in 14 years pursuant to OCGA § 17-10-6.1 (c) (1). OCGA § 17-10-7 (a), (c) mandated the maximum

sentences for burglary and aggravated assault without parole, and did not require probation or suspension of any part. "This court will not disturb a sentence within the statutory limits." *Scott v. State*, 240 Ga. App. 586, 588 (3) (524 SE2d 287) (1999). Clark was properly sentenced for possession of a firearm during the commission of a crime, predicated on the burglary count, since that crime involves illegal entry into a building under OCGA § 16-11-106 (b) (2). *State v. Marlowe*, 277 Ga. 383, 386-387 (3) (589 SE2d 69) (2003). See also *Brown v. State*, 267 Ga. App. 642, 646 (1) (c) (600 SE2d 731) (2004). The trial court had broad discretion to impose either a concurrent or consecutive sentence for possession of a firearm by a convicted felon, "and the record does not show that the court made this decision under a misapprehension about the scope of its discretion." *Braithwaite v. State*, 275 Ga. 884, 889 (9) (572 SE2d 612) (2002). See also *Clark v. State*, 206 Ga. App. 10, 11 (1) (424 SE2d 310) (1992).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005 —
RECONSIDERATION DENIED APRIL 14, 2005.

*Jeffrey L. Grube*, for appellant.

*Kelly R. Burke, District Attorney, George H. Hartwig III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.