707 S.E.2d 114 (2011)
JUDICE
v.
The STATE.
No. A10A2323.
Court of Appeals of Georgia.
February 24, 2011.
Reconsideration Denied March 7, 2011.
Louis M. Turchiarelli, Marietta, for appellant.
Garry T. Moss, District Attorney, Lara A. Snow, Assistant District Attorney, for appellee.
DILLARD, Judge.
Following a jury trial, Daniel Judice was convicted on one count of attempted statutory rape and one count of child molestation. He appeals his convictions and the denial of his motion for new trial, arguing that the trial court erred in denying his motion for directed verdict of acquittal as to the statutory-rape and child-molestation counts and in charging the jury on attempted statutory rape. For the reasons set forth infra, we affirm.
*115 Viewed in the light most favorable to the verdict,[1] the record shows that in the early evening of January 7, 2007, 19-year-old Daniel Judice and one of his friends were "hanging out" with 14-year-old S.W. at the home of her grandparents (where she lived). Initially, Judice and his friend watched television with S.W. and helped her download music to her computer in her bedroom. Later in the evening, however, Judice, his friend, and S.W. took some prescription anti-anxiety medication (Xanax), which Judice's friend had brought with him so that the three of them, according to S.W., could get "messed up." At some point after midnight, Judice and S.W. began kissing in her bedroom, and Judice's friend left. Then, with S.W. lying on the edge of her bed, Judice unbuttoned his pants, positioned himself between S.W.'s legs, and began rubbing the upper inside part of S.W.'s thighs.
Meanwhile, in the adjacent bedroom, S.W.'s grandfather awoke to the sound of voices and someone saying "I'm leaving." As the grandfather walked out of his own bedroom, he saw Judice's friend walking down the hall toward the front door of the house. Although the grandfather had seen Judice and his friend in the house earlier in the evening (when he returned home from work), he thought that the two young men had left around the time he went to bed. The grandfather then turned toward S.W.'s bedroom to check on her, and as he opened her door, he saw S.W. lying on her bed with Judice positioned between her legs, making thrusting motions. Startled by S.W.'s grandfather entering the room, Judice jumped up, at which point S.W.'s grandfather saw him push his exposed privates back into his pants while trying to button them. Immediately, the grandfather grabbed Judice and told him to leave, which he did post haste. S.W. would not talk to her grandfather about the incident, and consequently, her grandfather did not report what had happened to the police until he learned Judice's name from a friend several days later.
Judice was thereafter indicted on one count of statutory rape[2] and one count of child molestation.[3] During the trial, S.W.'s grandfather testified regarding the incident, and two police officers testified as to their investigation. Additionally, the State proffered two of Judice's friends as witnesses. Although neither was present on the night of the incident, both testified that Judice had bragged afterward about having sex with S.W. and getting caught by her grandfather. And while S.W. denied having sexual intercourse with Judice, she testified that on the night in question, Judice had his pants unbuttoned and was kissing her and rubbing her thigh while she was lying on her bed. She further testified that she and Judice were about to have sexual intercourse, but were interrupted when her grandfather came into her bedroom.
After the State rested, Judice moved for a directed verdict of acquittal on both charges, which the trial court denied. Thereafter, Judice and the friend who was with him on the night of the incident testified in Judice's defense. Both testified that Judice never kissed S.W., rubbed her legs, or engaged in sexual intercourse with her, and that S.W.'s grandfather kicked them out of the house for no valid reason. Nevertheless, at the conclusion of the trial, the jury found Judice guilty of attempted statutory rape, as a lesser-included offense of statutory rape, and child molestation. Subsequently, Judice filed a motion for new trial, which the trial court denied after a hearing. This appeal follows.
1. We first address Judice's contention that the trial court erred in denying his motion for directed verdict of acquittal on the charge of statutory rape because the evidence proffered by the State at trial was insufficient to prove that he engaged in sexual intercourse with S. W.
It is well established that "[o]n appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the *116 evidence to support a conviction."[4] In considering whether the evidence adduced at trial is sufficient to sustain a conviction, we ask whether any rational jury could find, in the evidence proffered below, proof beyond a reasonable doubt, viewing that evidence in the light most favorable to the verdict.[5] This is because "[i]t is the function of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence."[6] Thus, "if the record contains some competent evidence to prove each element of the crime of which the defendant was convicted, even though that evidence may be contradicted, we must uphold the conviction."[7]
In the case sub judice, however, we need not engage in any analysis on this particular enumeration of error because Judice was not convicted on the statutory-rape charge but was, instead, found guilty of attempted statutory rape as a lesser-included offense. As such, the issue of whether the trial court erred in denying his motion for directed verdict of acquittal as to the statutory-rape charge is moot.[8]
2. Judice also maintains that the trial court erred in denying his motion for directed verdict of acquittal as to the child-molestation count, arguing that the evidence was insufficient to prove that he committed the offense as alleged in the indictment. We disagree.
A person commits the offense of child molestation when he "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. . . ."[9] In this matter, the indictment charged Judice with child molestation by alleging that he "kissed [S.W.] on the mouth, exposed his [privates] to and had intercourse with [S.W.], a child under 16 years of age, with intent to arouse and satisfy the sexual desires of said accused and said child. . . ." And S.W. testified that she and Judice were kissing in her bedroom, and that Judice had his pants unbuttoned because they were about to have sexual intercourse. Additionally, S.W.'s grandfather testified that Judice was positioned between S.W.'s legs while making thrusting motions, and that he saw Judice's exposed privates when he surprised Judice and S.W. by walking into S.W.'s bedroom.
Nevertheless, Judice maintains that the trial court erred in denying his motion for directed verdict because the State failed to prove that he kissed S.W. on the mouth and that he had sexual intercourse with her, as alleged in the indictment. This argument is without merit.
First, while it is true that S.W. did not specifically testify where Judice kissed her, she did testify that "we were kissing." Given this testimony, and the fact that "jurors are entitled to use their own common sense as intelligent human beings on many questions,"[10] the jury was authorized to infer that Judice was kissing S.W. on the mouth. Furthermore, whether there was sufficient evidence to prove that Judice had sexual intercourse with S.W., as alleged in the indictment, is of no consequence. As we have previously explained, "[i]f a crime may be committed in more than one way, it is sufficient for the State to show that it was committed *117 in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form."[11] And here, the evidence was sufficient to show that Judice violated the statute prohibiting child molestation in at least two of the ways alleged in the indictment.[12] Accordingly, the evidence was sufficient to support the jury's findings that Judice committed the offense of child molestation.[13]
3. Finally, Judice argues that the trial court erred by instructing the jury on attempted statutory rape because he was not explicitly charged with this offense in the indictment. We disagree.
It is well established that in reviewing an allegedly erroneous jury instruction, "we apply the plain legal error standard of review."[14] And in this matter, the State requested that the trial court instruct the jury on criminal attempt specifically with regard to the statutory-rape charge. Over Judice's objection, the trial court agreed and instructed the jury on attempted statutory rape. Judice contends that in doing so, the trial court erred. Specifically, he argues that the instruction on attempted statutory rape was improper because he was not explicitly charged with this offense in the indictment. OCGA § 16-4-3, however, makes clear that "[a] person charged with commission of a crime may be convicted of the offense of criminal attempt as to that crime without being specifically charged with the criminal attempt in the accusation, indictment, or presentment."[15]
Furthermore, the trial court's instruction to the jury on attempted rape in this matter was properly "tailored to fit the allegations in the indictment and the evidence admitted at trial."[16] Under OCGA § 16-4-1, "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Moreover, OCGA § 16-6-3(a) provides that "a person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse. . . ." And here, as noted supra, S.W. testified that Judice positioned himself between her legs with his pants unbuttoned, and that the two of them were about to engage in sexual intercourse before her grandfather came into her bedroom. Additionally, *118 S.W.'s grandfather testified that he saw Judice lying between S.W.'s legs with his privates exposed. Based on this evidence, a rational trier of fact could conclude that Judice attempted to have sexual intercourse with a person under the age of sixteen.[17] Accordingly, the trial court did not err in charging the jury on attempted statutory rape.[18]
Judgment affirmed.
BARNES, P.J., and BLACKWELL, J., concur.
NOTES
[1] See, e.g., Davis v. State, 275 Ga.App. 714(1), 621 S.E.2d 818 (2005).
[2] OCGA § 16-6-3(a).
[3] OCGA § 16-6-4(a)(1).
[4] Terry v. State, 293 Ga.App. 455, 455, 667 S.E.2d 109 (2008) (punctuation omitted).
[5] See, e.g., Ferguson v. State, 307 Ga.App. 232, 233, 704 S.E.2d 470 (2010); Dennis v. State, 294 Ga.App. 171, 171, 669 S.E.2d 187 (2008).
[6] Ferguson, 307 Ga.App. 232(1), 704 S.E.2d 470 (punctuation and citation omitted); see also Wilson v. State, 304 Ga.App. 743, 745(1), 698 S.E.2d 6 (2010) (same).
[7] Ferguson, 307 Ga.App. at 233(1), 704 S.E.2d 470 (punctuation and citation omitted); see also Cooper v. State, 299 Ga.App. 199, 200, 682 S.E.2d 154 (2009) (same).
[8] See, e.g., Thomas v. State, 253 Ga.App. 58, 63(4), 557 S.E.2d 483 (2001) (holding that because the defendant was acquitted on the armed-robbery charge, and instead convicted on the lesser-included offense of theft by taking, the issue of whether the trial court erred in failing to direct a verdict of acquittal as to armed-robbery charge was moot).
[9] OCGA § 16-6-4(a)(1).
[10] Johnson v. State, 246 Ga.App. 109, 111(2), 539 S.E.2d 605 (2000) (punctuation omitted).
[11] Wilson v. State, 234 Ga.App. 375, 375(1), 506 S.E.2d 882 (1998); see also Martin v. State, 299 Ga.App. 845, 848(2), 683 S.E.2d 896 (2009) (holding that the trial court did not err in instructing the jury that although an indictment may charge the commission of child molestation in two ways, the accused may be convicted by proof that he committed the crime in either way).
[12] Judice also arguably violated OCGA § 16-6-4(a)(1) by "dirty dancing" with S.W., which he admitted to doing while testifying in his own defense. [T-263-64] And while there is obviously no authoritative definition as to what constitutes "dirty dancing," the general sense of this colloquial term is for two or more individuals to engage in pseudo-sexual behavior while dancing and wearing clothing. See Evans v. Evans, No. CA 04-1268, 2005 WL 1349822, at *4 (Ark.App. June 8, 2005) (containing the following description: "[W]hen you dirty dance, you touch each other about the body where you probably wouldn't touch otherwise"). Cf. People v. Janini, 89 Cal.Rptr.2d 244, 252 (Cal.App. 4 Dist.1999) (noting that "[e]rotic performances, even such relatively tame ones as . . . Patrick Swayze's dirty dancing, are inevitably designed to sexually arouse or gratify").
[13] See, e.g., Cardenas v. State, 282 Ga.App. 473, 475(1), 638 S.E.2d 866 (2006) (holding that the jury was authorized to conclude that under the circumstances, the kiss was an "immoral or indecent act" done "with the intent to arouse or satisfy [the defendant's] sexual desires." (punctuation omitted)); Arnold v. State, 249 Ga.App. 156, 158(1)(a), 545 S.E.2d 312 (2001) (holding that exposing one's sexual organs, even though the child does not actually see them, is sufficient evidence to support a defendant's child-molestation conviction).
[14] Johnson v. State, 299 Ga.App. 706, 711(2), 683 S.E.2d 659 (2009) (punctuation omitted).
[15] See, e.g., Climpson v. State, 253 Ga.App. 485, 486(1), 559 S.E.2d 495 (2002) (holding that it was not necessary that the offense of attempted burglary be charged in the indictment in order for defendants to be found guilty of same); Gatlin v. State, 199 Ga.App. 500, 501(2), 405 S.E.2d 118 (1991) (affirming defendant's conviction on attempted armed robbery as a lesser-included offense of the armed-robbery charge despite the fact that the defendant was not charged with criminal attempt).
[16] Milner v. State, 297 Ga.App. 859, 859(1), 678 S.E.2d 563 (2009) (punctuation omitted).
[17] See, e.g., Neal v. State, 264 Ga.App. 311, 311-12(1), 590 S.E.2d 168 (2003) (holding that the evidence was sufficient to prove attempted statutory rape when defendant testified that he was in a "position to have sex" with the victim, and he and the victim were nude on his bed and he "got on her").
[18] See Singleton v. State, 229 Ga.App. 135, 137(2), 493 S.E.2d 556 (1997) (holding that the trial court did not err in charging the jury on attempt to sell cocaine when the evidence warranted such a charge and despite the fact that defendant was indicted only on two counts of selling cocaine). C.f. Arnold v. State, 305 Ga.App. 45, 47-48(1)(b), 699 S.E.2d 77 (2010) (holding that the defendant could be convicted of lesser-included offense of attempted aggravated child molestation, pursuant to a proper jury instruction on attempt, even though defendant was not charged with attempt in the indictment).