**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 22, 2012**

# In the Court of Appeals of Georgia

A12A0885. SNOW v. THE STATE.

PHIPPS, Presiding Judge.

After a bench trial in which the parties stipulated to the facts, Nicholas Snow appeals his conviction for criminal attempt to commit burglary.[1] Snow contends that the trial court erred in: 1) finding that the evidence was sufficient to prove he intended to commit a theft; and 2) failing to apply the rule of lenity and impose sentence as for the misdemeanor offense of criminal trespass. Finding no merit to Snow's contentions, we affirm.

---

[1] OCGA §§ 16-4-1, 16-7-1 (a) (We apply the 2010 version of OCGA § 16-7-1, in effect at the time of the crime; OCGA § 16-7-1 was amended, "effective on July 1, 2012, and shall apply to offenses which occur on or after that date. Any offense occurring before July 1, 2012, shall be governed by the statute in effect at the time of such offense. . . ."; Ga. L. 2012, p. 899, 949, § § 3-1, 9-1).

1. Snow contends that the evidence was insufficient to prove he intended to commit a theft. We disagree.

> On appeal from a criminal conviction that follows a bench trial, the defendant no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the trial court's finding of guilt, giving due regard to the trial court's opportunity to judge witness credibility. This Court does not weigh the evidence or determine the credibility of witnesses. Rather, we determine only if there is enough evidence from which a rational trier of fact could have found the accused guilty beyond a reasonable doubt.[2]

"As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. And the fact that the defendant may have failed in accomplishing his apparent purpose does not render a finding of criminal attempt to commit burglary improper."[3]

The stipulated facts show that on October 4, 2010, at about 2:30 p.m., a homeowner arrived home to find a man walking quickly across her property on the back deck. The homeowner yelled "[H]ey, who are you and what are you on my back

---

[2] *Hickman v. State*, 311 Ga. App. 544, 545 (716 SE2d 597) (2011) (citation omitted).

[3] *Murray v. State*, 187 Ga. App. 747 (371 SE2d 272) (1988) (citations and punctuation omitted).

deck for[?]" The homeowner observed the man attempting to conceal a metal object by his side as he walked toward a vehicle parked in front of the house. The homeowner asked a woman in the vehicle what they were doing. The woman said that they were looking for an individual by a particular name who had told them to go to the back door of the house. The man arrived at the vehicle, entered, and said to the woman, "[L]et's go." The homeowner observed that the man was nervous and that he kept his head down. When the man and woman drove away, the homeowner called the police.

A police officer who was nearby stopped the vehicle. The woman told the officer that the man had asked her to take him to the homeowner's house to contact someone about some yard work. The woman stated that the man first went to the front door of the house and that when no one answered, he went to the back of the house. The man gave the police an account similar to the woman's. The officer issued a citation to the woman for an expired vehicle tag, then released her and the man.

A different officer who went to the house inspected the deck door and saw what he believed were fresh pry marks on the door knob and lock. The homeowner told the officer that she had to unlock the door to open it, and that nothing was missing from inside the house. The homeowner told the officer that the pry marks had

3

not been on the door when she left her house that morning. The homeowner picked Snow (and the woman) out of a photographic lineup as the individuals she had seen when she arrived at her home that day.

The homeowner's neighbor was interviewed by police and said that he had seen Snow carrying a crowbar and walking from a vehicle to the top of the deck of the homeowner's house.

After Snow and the woman were arrested, the woman waived her *Miranda*[4] rights and told police that Snow had called her and asked her to pick him up at his residence and take him to a painting job. She said, however, that Snow did not have any painting equipment or supplies with him. The woman then said that she had been taking Snow to get an estimate for a painting job. She said, however, that Snow had no paper or pen with him with which to write. The woman said that after Snow exited her vehicle, he went towards the back of the house. She said that Snow directed her both to and away from the house. Before Snow's trial, the woman entered a guilty plea to burglary for her involvement in the incident.

---

[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Snow had two prior convictions for theft by taking which were admitted in evidence as similar transactions.[5]

The stipulated facts, even if characterized as circumstantial,[6] were sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Snow had acted with the intent to commit a theft inside the victim's house and had taken a substantial step toward entering the house for that purpose, and that therefore, the trial court properly found he was guilty of criminal attempt to commit burglary.[7]

2. Snow contends that the trial court erred in failing to apply the rule of lenity and impose sentence as for the misdemeanor offense of criminal trespass. Snow argues that, even if the facts supported the finding of guilt, his conduct would satisfy the elements of both the crimes of criminal trespass and criminal attempt to commit

---

[5] Uniform Superior Court Rule 31.3.

[6] See *Landers v. State*, 255 Ga. App. 410, 411 (1) (565 SE2d 585) (2002).

[7] See *Rudnitskas v. State*, 291 Ga. App. 685, 686-687 (1) (662 SE2d 729) (2008); *Landers*, supra at 410-411 (1) (whether the fact that defendant was, among other things, standing next to the victim's house when police arrived, proved that he was the man who had been trying to enter the house two minutes earlier was for the factfinder to decide); *Murray*, supra; OCGA §§ 16-4-1, 16-7-1 (a).

burglary, and under the rule of lenity, he was entitled to be sentenced to the lesser of the two penalties, that being the penalty for criminal trespass. We disagree.

Snow was indicted for one count of burglary. The trial court found him guilty of criminal attempt to commit burglary.[8]

> The Supreme Court of the United States has referred to the rule of lenity as a sort of junior version of the vagueness doctrine, which requires fair warning as to what conduct is proscribed. The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. However, the rule does not apply when the statutory provisions are unambiguous.[9]

"[T]he essential requirement of the rule of lenity is that both crimes could be proved with the same evidence. . . . [T]hat a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity."[10]

---

[8] See *Judice v. State*, 308 Ga. App. 229, 233 (3) (707 SE2d 114) (2011) (under OCGA § 16-4-3, a person charged with the commission of a crime may be convicted of the offense of criminal attempt as to that crime without being specifically charged with the criminal attempt in the accusation, indictment, or presentment).

[9] *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007) (citations and punctuation omitted).

[10] *Rouen v. State*, 312 Ga. App. 8, 11 (3) (717 SE2d 519) (2011) (punctuation and footnotes omitted).

A person commits the offense of criminal trespass, in pertinent part, when he knowingly and without authority enters upon the land or premises of another person for an unlawful purpose.[11] "A person commits the offense of criminal attempt when, with the intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."[12] A person commits the offense of burglary, pertinently,[13] when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any structure designed for use as the dwelling of another.[14]

The statutes do not define the same offense.[15] The criminal trespass statute may be violated in a number of ways. But it does not require that the place the defendant intended to enter be a dwelling house or a structure designed for use as a dwelling house; that the defendant intended to commit inside the dwelling house a felony or

---

[11] OCGA § 16-7-21 (b) (1).

[12] OCGA § 16-4-1.

[13] The indictment charged Snow with burglary in that he did "unlawfully, without authority and with the intent to commit a theft therein, enter the dwelling house of another . . . contrary to the laws of [this] State, the peace, good order and dignity thereof."

[14] OCGA 16-7-1 (a).

[15] See *Banta*, supra at 618 (2).

7

a theft; or that the defendant perform a substantial step toward the commission of a crime. Conversely, it is not possible for the state to establish the offense of criminal attempt to commit burglary, as indicted, without establishing that the defendant intended to enter a dwelling house or a structure designed for use as a dwelling house; that the crime the defendant intended to commit inside the dwelling house was a felony or a theft; and that the defendant performed a substantial step toward the commission of the burglary.

Thus, the crimes of criminal trespass and criminal attempt to commit a burglary do not address the same criminal conduct, there is no ambiguity created by different punishments being set forth for the same crime, and the rule of lenity does not apply.[16] Accordingly, the trial court did not err in not applying the rule of lenity.

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[16] Id.; see *Rouen*, supra at 11 (3); *Rylee v. State*, 288 Ga. App. 784, 787 (3) (b) (655 SE2d 239) (2007).