**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 8, 2015**

# In the Court of Appeals of Georgia

A15A0868. HETTRICK v. THE STATE.

A15A0869. HETTRICK v. THE STATE.

McFADDEN, Judge.

After a joint jury trial, brothers James and Michael Hettrick were each convicted of felony theft by taking (OCGA § 16-8-2) and the trial court, among other things, ordered both defendants to pay restitution. In Case Number A15A0869, Michael Hettrick argues that the evidence was insufficient to support his conviction, but from that evidence a rational trier of fact could have found him guilty beyond a reasonable doubt. Michael Hettrick also argues that he received ineffective assistance of counsel, but he did not show that his trial counsel performed deficiently. In Case Number A15A0868, James Hettrick argues that the trial court erred in making both

defendants jointly and severally liable for the ordered restitution, but OCGA § 17-14-7 (c) permitted that ruling. Accordingly, we affirm the judgments in both cases.

Case No. A15A0869

1. *Sufficiency of the evidence.*

Michael Hettrick argues that the evidence was insufficient to support his conviction for theft by taking. That offense is committed when a person "unlawfully takes, or being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. On appeal from a criminal conviction, the standard for reviewing the sufficiency of the evidence

> is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This [c]ourt does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.

*Hayes v. State*, 292 Ga. 506 (739 SE2d 313) (2013) (citations omitted). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

2

Viewed in this light, the evidence showed that brothers Michael and James Hettrick entered into an agreement with Damon Kirtland, the owner of Roof Doctor of Atlanta, LLC, under which, among other things, they would work as Roof Doctor's office manager and sales manager, respectively, and would receive a set weekly amount of pay for that work. Michael Hettrick was authorized to sign checks on Roof Doctor's bank account and to use a bank card tied to that account. Over the course of approximately seven months in 2009, without authorization from Kirtland, Michael Hettrick wrote numerous checks to himself and James Hettrick that exceeded the pay to which they were entitled. He also used the bank card to make several unauthorized purchases that were not for business use.

Michael Hettrick argues that there was insufficient evidence of his intent to deprive Roof Doctor of funds belonging to it, suggesting that the funds at issue were subject to a profit-sharing agreement between Kirtland and the Hettrick brothers. See generally *Spray v. State*, 223 Ga. App. 154, 156 (1) (476 SE2d 878) (1996) (where defendant is charged with unlawfully taking property belonging to another, "the evidence must show that the requisite intent to deprive the owner of the property was present at the time of the taking") (citations omitted). But "[a]s a general rule the state must, of necessity, rely on circumstantial evidence in proving intent," *Snow v. State*,

3

318 Ga. App. 131, 132 (1) (733 SE2d 428) (2012) (citation and punctuation omitted), and circumstantial evidence of intent existed in this case. There was evidence that the profit-sharing agreement did not apply to the funds involved in the challenged transactions because the business had not yet turned a profit. And there was evidence that Roof Doctor's owner, Kirtland, did not authorize the challenged transactions. The jury could infer from this evidence that Michael Hettrick intended to take Roof Doctor's funds when he engaged in the challenged transactions and thus was guilty beyond a reasonable doubt of the offense of theft by taking. See *Brown v. State*, 302 Ga. App. 641, 643-644 (1) (692 SE2d 9) (2010).

2. *Ineffective assistance of counsel.*

Michael Hettrick argues that he received ineffective assistance of trial counsel because his trial counsel did not discover and, consequently, did not inform the state of a defense witness until mid-trial, resulting in the trial court's decision not to allow the witness to testify. To succeed on this claim, Michael Hettrick was required to show, under the standard set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984),

> both that his trial counsel's performance was deficient and that there is
> a reasonable probability that the trial result would have been different

4

if not for the deficient performance. . . . In reviewing the trial court's decision [regarding ineffective assistance], we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

*Perez v. State*, 331 Ga. App. 164, 168 (3) (770 SE2d 260) (2015) (citations and punctuation omitted).

The defense witness at issue was a bookkeeper who did contract work for Roof Doctor in the fall of 2009 and who possessed electronic accounting records of the business. Michael Hettrick asserts that these records would have aided his defense. After an evidentiary hearing on Michael Hettrick's motion for new trial, the trial court found that Michael Hettrick knew of the bookkeeper's existence but intentionally kept this information from his trial counsel, and the trial court concluded that trial counsel's failure to discover the bookkeeper did not constitute deficient performance.

Evidence presented at the motion for new trial hearing supported the trial court's ruling. The bookkeeper testified that he met with Michael Hettrick in connection with his work on Roof Doctor's electronic accounting records. Trial counsel testified that, in preparing for trial, he had discussed the existence of the electronic accounting records with Michael Hettrick and had asked Michael Hettrick to provide him with names of possible defense witnesses, but Michael Hettrick did

not identify the bookkeeper to him. Although at the hearing Michael Hettrick denied ever meeting or knowing of the bookkeeper, the conflict between his testimony and that of the bookkeeper was a matter for the trial court to resolve. *Hartley v. State*, 299 Ga. App. 534, 539 (2) (683 SE2d 109) (2009). The trial court was authorized to find that Michael Hettrick knew of the bookkeeper's existence but "never identified [the bookkeeper] to trial counsel and never provided [trial counsel] with information prior to trial that would have reasonably led him to [that] witness[ ]. As such, [Michael Hettrick] has failed to show that his counsel was deficient in failing to [locate the bookkeeper before trial]." Id. (citations omitted). See also *Hudson v. State*, 284 Ga. 595, 598 (5) (a) (669 SE2d 94) (2008) (finding no deficient performance and, thus, no ineffective assistance where, despite good faith efforts, trial counsel failed to locate a potential witness about whom counsel had only limited information prior to trial); *Freeman v. State*, 278 Ga. 349, 350 (2) (a) (603 SE2d 214) (2004) (finding no deficient performance and, thus, no ineffective assistance where trial counsel could not locate witness despite extensive efforts because witness's family had assisted in concealing her in another state); *Harper v. State*, 330 Ga. App. 561, 568 (3) (b) (768 SE2d 755) (2015) (holding that trial counsel was not ineffective for failing to call at trial an alibi witness that the defendant had never identified to him). Consequently,

6

we need not address the prejudice prong of the *Strickland* analysis. See *Perez*, 331 Ga. App. at 168 (3).

3. *Restitution.*

James Hettrick argues that the trial court erred in ordering him jointly and severally liable for the amount of restitution because he was less culpable than his co-defendant, Michael Hettrick. We disagree.

"It is within the sound discretion of the trial court to sentence within the limits allowed by law; the sentence of one joint defendant is irrelevant in the sentencing of the other." *Manley v. State*, 187 Ga. App. 773, 776-777 (4) (371 SE2d 438) (1988) (citations and punctuation omitted). The amount of restitution ordered in this case – $24,000, for which James and Michael Hettrick are jointly and severally liable – was within the limits allowed by law. The amount did not exceed the victim's damages, which the trial court found to be $42,443.10. See OCGA § 17-14-9 ("The amount of restitution ordered shall not exceed the victim's damages."). And in setting this amount, the trial court specifically considered the factors set forth in OCGA § 17-14-10 (setting forth factors to be considered by trial court in determining nature and

7

amount of restitution). In the restitution order, the trial court also specifically noted that James and Michael Hettrick "were each parties to the crime of the other[.]"

Under OCGA § 17-14-7 (c), where a court ordering restitution "finds that more than one offender has contributed to the loss of a victim, the court may make each offender liable for payment of the *full* amount of restitution or may apportion liability among the offenders to reflect the level of contribution to the victim's loss and economic circumstances of each offender." (Emphasis supplied.) The language of this Code section permitted, but did not require, the trial court to apportion liability to reflect James Hettrick's level of contribution to the victim's loss. See *Turner v. State*, 312 Ga. App. 799, 805 (3) (720 SE2d 264) (2011). James Hettrick argues that our decision in *Rice v. State*, 226 Ga. App. 770 (487 SE2d 517) (1997), requires apportionment, but unlike here, that decision involved a criminal defendant who had been convicted of a different and lesser offense than his co-defendants. Id. at 774 (3). James Hettrick has not shown that the trial court abused his discretion by ordering him jointly and severally liable for restitution in this case.

*Judgments affirmed. Ellington, P. J., and Dillard, J., concur*.